NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| REZA FARZAN,<br><br>Appellant,<br><br>v.<br><br>CHAPTER 13 TRUSTEE and JPMORGAN CHASE BANK,<br><br>Appellees. | Civil Action Nos. 23-23269 (RK)<br>24-00323 (RK)<br><br>**OPINION** |

**THIS MATTER** comes before the Court upon two appeals filed by *pro se* Appellant Reza Farzan ("Appellant"). (Dec. ECF No. 1; Jan. ECF No. 1.)[1] Both appeals derive from orders issued in the underlying bankruptcy proceeding, *In re: Reza Farzan*, No. 23-18292 (Bankr. D.N.J.). Appellant first appeals the Bankruptcy Court's December 7, 2023 Order that denied Appellant's motion to recuse the Bankruptcy Court judge and to transfer the proceeding to the Camden vicinage of the District of New Jersey ("December Decision").[2] (Dec. ECF No. 1-1; *see* Bankr. ECF No. 40.) Appellant next appeals the Bankruptcy Court's January 3, 2024 Order denying

---

[1] References to "Dec. ECF No. _" refer to documents filed in Appellant's first appeal at *Farzan et al. v. Chapter 13 Trustee & JPMorgan Chase Bank*, No. 23-23269 (D.N.J.). References to "Jan. ECF No. _" refer to documents filed in Appellant's second appeal at *Farzan et al. v. Chapter 13 Trustee & JPMorgan Chase Bank*, No. 24-00323 (D.N.J.). References to "Bankr. ECF No. _" refer to documents filed in Appellant's underlying bankruptcy proceeding at *In re: Reza Farzan*, No. 23-18292 (Bankr. D.N.J.). (*See also* Dec. ECF No. 2 at 1 (stating Appellant planned "to designate all entries . . . on the case docket 23-18292 for [his] appeal"); Dec. ECF No. 7 at 3 (granting Appellant's motion to proceed on the original record).)

[2] Appellant's motion also asked the Bankruptcy Court to adjourn a hearing scheduled for October 17, 2023 "and let the new Judge make Decision." (Dec. ECF No. 1-1; *see* Bankr. ECF No. 40.) Because this request appears to follow from the requests to have the Bankruptcy Court judge recuse and to transfer the proceeding to the Camden vicinage, this specific portion of Appellant's motion seems to not have been directly dealt with either by the Bankruptcy Court or the parties on this appeal. The Court will follow suit and presume Appellant's appeal is focused on the other aspects of the December Decision.

Appellant's motion to disallow creditor JPMorgan Chase Bank's ("Chase") proof of claim against Appellant's estate, to report Chase and its attorneys to criminal enforcement authorities, and to order Chase to disclose all "communications and transactions" with third-party Mahnaz Farzan, Appellant's ex-wife ("January Decision"). (Jan. ECF No. 1-1; Bankr. ECF No. 56.) The Chapter 13 Trustee has not filed any submissions in either appeal, but Chase has opposed the appeal of the January Decision. (*See* Jan. ECF No. 14.) Appellant filed a reply brief in each appeal. (*See* Dec. ECF No. 12; Jan. ECF No. 15.)

The Court has considered the parties' submissions and resolves these matters without oral argument pursuant to Federal Rule of Bankruptcy Procedure 8019. The Court has carefully considered the parties' submissions and, for the following reasons, **AFFIRMS** the Bankruptcy Court's decisions in full.

I. **BACKGROUND**

This matter has had a complex, drawn-out history, involving parallel proceedings in New Jersey Superior Court, the Bankruptcy Court, and even this District Court. The history will be briefly recounted for context, with greater detail provided for facts relevant to the present appeals.[3]

---

[3] A more fulsome history can be found in any number of the prior opinions issued in connection with Appellant's numerous state and federal court proceedings, including but not limited to: *Farzan v. J.P. Morgan Chase Bank N.A.*, No. 19-5156, 2019 WL 6339847 (D.N.J. Nov. 27, 2019) (dismissing complaint in connection with state foreclosure proceedings), *aff'd*, No. 19-3925, 2022 WL 17336211 (3d Cir. Nov. 30, 2022); *Farzan v. Cleary*, No. 19-705, 2023 WL 35881, (D.N.J. Jan. 4, 2023) (dismissing complaint in connection to same), *reconsideration denied,* No. 19-705, 2023 WL 2649326 (D.N.J. Mar. 27, 2023), *aff'd*, No. 23-1740, 2024 WL 3983333 (3d Cir. Aug. 29, 2024); *Farzan v. Nationstar Mortg. LLC*, No. 23-1234, 2023 WL 8437233 (D.N.J. Dec. 5, 2023) (denying Appellant's request to recuse District Court judge); *Farzan v. Bayview Loan Servicing LLC*, No. 20-7134, 2020 WL 13240130 (D.N.J. Dec. 9, 2020) (denying motion for reconsideration of denial of bankruptcy appeals), *aff'd sub nom. In re Farzan*, No. 21-2445, 2022 WL 1238354 (3d Cir. Apr. 27, 2022); *Farzan v. Bayview Loan Servicing LLC*, No. 20-7134, 2021 WL 8267534, (D.N.J. July 27, 2021) (same), *aff'd sub nom. In re Farzan*, No. 21-2445, 2022 WL 1238354 (3d Cir. Apr. 27, 2022).

### A. APPELLANT'S HISTORY IN BANKRUPTCY COURT

Appellant is a resident of Monmouth County who has petitioned for bankruptcy three separate times in the District of New Jersey. Appellant first petitioned for bankruptcy in the District of New Jersey in May 2006, and that bankruptcy was ultimately discharged in August 2008. (*See In re: Reza Farzan*, No. 06-14441 (Bankr. D.N.J.).) Appellant then petitioned for bankruptcy in October 2019, and that bankruptcy was discharged in January 2023. (*See In re: Reza Farzan*, No. 19-29256 (Bankr. D.N.J.).) The Honorable Christine M. Gravelle, U.S.B.J. presided over this bankruptcy proceeding. (*See id.*)

Finally, Appellant filed a voluntary petition for Chapter 13 bankruptcy on September 22, 2023 that opened the bankruptcy proceeding at issue in these appeals. (Bankr. ECF No. 1.) Judge Gravelle was again assigned to the proceeding. Chase filed a proof of claim ("POC") alleging a secured claim against Appellant's estate in this bankruptcy. (*See* Bankr. ECF No. 51 (referring to the POC as "Claim #1").) Chase alleges in its opposition brief that the claim "was based upon an interest it acquired from Washington Mutual Bank, FA ('WaMu') in a Home Equity Line of Credit Agreement and Mortgage executed by [Appellant] and Mahnaz Farzan, his former spouse, in 2005." (Jan. ECF No. 14 at 3.)

### B. THE DECEMBER DECISION

Appellant—clearly unhappy the bankruptcy proceeding was being heard again by Judge Gravelle—filed a motion to request Judge Gravelle recuse herself from the proceeding and have the proceeding transferred to the Camden vicinage. (Bankr. ECF No. 17.) At a hearing on December 6, 2023, Appellant argued that the proceeding should be transferred because "it appear[ed] to [him] that [he] w[ould] have a better chance to receive justice in Camden" and that by virtue of the transfer, he would be heard by a new judge. (Dec. ECF No. 10-2 at 4:3–15.) The Bankruptcy Court denied Appellant's motion, finding that Appellant did "not express[]" a reason

why his proceeding should be transferred, no "reasonable person" would believe Judge Gravelle to be biased, and "[t]he fact that [Appellant] ha[s] not gotten a court to agree with [him] yet, is not a basis for transferring venue to another Judge to see if another Judge might think different than [the Bankruptcy Court] do[es]." (*Id.* at 4:16–6:3; *see* Dec. ECF No. 10-3.) On December 21, 2023, Appellant timely appealed the December Decision to this Court. (Dec. ECF No. 1.)

### C. THE JANUARY DECISION

Shortly after filing his motion for recusal and to transfer vicinages, Appellant filed a motion "to grant multiple reliefs" to disallow Chase's POC, report Chase and its attorneys to criminal enforcement authorities, and "order Chase to disclose all its communications and transactions with Ms. Mahnaz Farzan." (Bankr. ECF No. 27.) Appellant argued that Chase's POC was "phony," (Bankr. ECF No. 27-1 ¶ 5), the falsity of the POC meant "it must be reported to the US Attorney in NJ or the FBI for prosecution," (*id.* ¶ 15), and "Chase [was] committing malicious prosecution againt Mahnaz Farzan and Reza Farzan for a time barred loan on two tracks to maximize its extortion . . . ," (*id.* ¶ 32). Chase subsequently withdrew its POC. (*See* Bankr. ECF No. 51.) At a hearing on January 3, 2024, Chase's attorney explained that after Appellant opposed Chase's POC, the attorney "did a deep dive . . . to find out what [Appellant] was talking about" and determined "there [was] a basis for [the POC] to be withdrawn. And it was done as soon as it was discovered." (Bankr. ECF No. 83 at 6:11–22.) Chase's counsel made clear that the filing of the Chase POC was made based on misapprehensions, certainly not in bad faith or with malice, and was withdrawn upon confirmation and recognition of the mistake. (*See generally id.* at 5–7). Because Chase's POC had been withdrawn, the Bankruptcy Court denied Appellant's motion to disallow Chase's POC as moot, (*id.* at 7:16–18), and further denied Appellant's motion to have Chase produce materials involving Appellant's ex-wife as "it ha[d] no relevance," (*id.* at 9:23–25). Finally, the Bankruptcy Court declined Appellant's motion to refer Chase and its attorneys to criminal

enforcement authorities as "[o]nce [Chase] realized [the POC] was filed in error, it was withdrawn . . . So I find no problem there. Any problem that was there has been corrected. And that's not something that I would burden the US Attorney's Office with." (*Id.* at 8:20–9:1; *see also* Bankr. ECF No. 56.)

On January 19, 2024, Appellant timely appealed the January Decision to this Court. (Jan. ECF No. 1.) That same day, he filed an "Emergent Motion to Request to Integrate Briefs of the Appeals" in both his appeals. (Dec. ECF No. 5; Jan. ECF No. 3.) Chase opposed the motion. (*See* Jan. ECF No. 5.) The Court denied Appellant's motion, finding that Appellant failed to proffer legal authority to support his request to essentially consolidate the two appeals. (*See* Dec. ECF No. 7; Jan. ECF No. 7.)

Appellant then filed an opening "Informal Brief" in the January Decision appeal, (Jan. ECF No. 8), followed shortly thereafter with an opening "Informal Brief" in the December Decision appeal, (Dec. ECF No. 10).[4] Appellant's opening "Informal Brief" in the December Decision appeal appeared to "address the substance of both of Appellant's bankruptcy appeals," and was ordered to be additionally filed on the January Decision appeal docket. (Dec. ECF No. 11.) Chase filed an opposition brief addressing the January Decision appeal, (Jan. ECF No. 14), and Appellant submitted a reply brief in each appeal, (*see* Dec. ECF No. 12; Jan. ECF No. 15). The Chapter 13 Trustee has not filed any submissions in either appeal.

## II.   LEGAL STANDARD

A district court has jurisdiction over the final judgments, orders, and decrees of a bankruptcy court. 28 U.S.C. § 158(a)(1). The standard of review for bankruptcy court decisions "is determined by the nature of the issues presented on appeal." *Baron & Budd, P.C. v. Unsecured*

---

[4] The Court issued a text order noting that it would accept Appellant's "Informal Brief" as "his opening brief in this matter." (Dec. ECF No. 11.)

5

*Asbestos Claimants Comm.*, 321 B.R. 147, 157 (Bankr. D.N.J. 2005). A bankruptcy court's factual findings are reviewed for clear error. *Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc.*, 50 F.3d 253, 257 (3d Cir. 1995) (citing *Resyn Corp. v. United States*, 851 F.2d 660, 664 (3d Cir. 1988)). A factual finding is considered clearly erroneous "when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re CellNet Data Sys., Inc.*, 327 F.3d 242, 244 (3d Cir. 2003) (citations omitted). Legal conclusions, in contrast, are subject to plenary review. *Zolfo*, 50 F.3d at 257. A bankruptcy judge's decision not to recuse is reviewed for abuse of discretion. *Strader v. Winnecour*, No. 20-1743, 2021 WL 4076996, at *2 (W.D. Pa. Sept. 8, 2021) (citing *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000)).

Where an issue presents mixed questions of law and fact, the Court applies the relevant standard to each component of the issue. *Chemetron Corp. v. Jones*, 72 F.3d 341, 345 (3d Cir. 1995). "[T]he standard of review for a mixed question all depends [] on whether answering it entails primarily legal or factual work." *U.S. Bank N.A. v. Vill. at Lakeridge, LLC*, 138 S. Ct. 960, 967 (2018). Where the mixed question "require[s] courts to expound on the law, particularly by amplifying or elaborating on a broad legal standard . . . appellate courts should typically review a decision *de novo*." *Id.* In contrast, where the mixed question "immerse[s] courts in case-specific factual issues—compelling them to marshal and weigh evidence, make credibility judgments, and otherwise address . . . 'multifarious, fleeting, special, narrow facts that utterly resist generalization' . . . appellate courts should usually review a decision with deference." *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 561–562 (1988)).

## III.   DISCUSSION

The Court begins with some preliminary observations. *First,* despite an Order denying Appellant's request to consolidate the appeals of the December Decision and the January Decision,

(*see* Dec. ECF No. 7; Jan. ECF No. 7), Appellant filed an opening brief in the December Decision appeal that appears to address the substance of both of Appellant's appeals. (Dec. ECF No. 10; *see* Dec. ECF No. 11.) Despite this confusion, Chase still filed an opposition brief in connection with the appeal of the January Decision, which is the only appeal that concerns Chase. (*See* Jan. ECF No. 14; *see also* Dec. ECF No. 7 at 5 ("[T]he Order in the instant action involves [the] Chapter 13 Trustee while the Order in the other appeal only pertains to Chase Bank").) The Chapter 13 Trustee has not filed any briefing in either appeal. However, the Court will review both appeals at this juncture because "it would be a needless waste of time to wait" for further briefing, particularly because the Court considers herein Appellant's opening briefs *and* his two separate replies. *Younes v. 7-Eleven, Inc.*, No. 13-3500, 2014 WL 1959246, at *1 (D.N.J. May 15, 2014).

*Second,* it appears Appellant's underlying bankruptcy proceeding has been dismissed. (*See* Bankr. ECF Nos. 102, 122.) Consequently, the Court finds it likely that these appeals are moot. *See In re Knaak*, 825 F. App'x 83, 86 (3d Cir. 2020) ("The dismissal of a bankruptcy case may moot an appeal arising from the debtor's bankruptcy proceedings."). However, because Appellant is separately seeking to appeal that dismissal to this Court, (*see Farzan et al. v. Chapter 13 Trustee et al.*, No. 24-09116 (D.N.J.)), and for the avoidance of doubt, the Court will still engage in an analysis of Appellant's arguments on appeal.

*Finally,* Appellant's briefing stretches far beyond arguing the issues relevant on appeal, which are whether the Bankruptcy Court erred in issuing the December Decision and the January Decision. For example, many pages of Appellant's briefing are devoted to allegations pertaining to an allegedly "forged" POC filed by Bayview Loan Servicing LLC ("Bayview"). (*See, e.g.*, Dec. ECF No. 10 ¶¶ 10–11, 34, 41, 48, 50, 64; Dec. ECF No. 12 ¶¶ 9–18, 26–27.) Appellant also makes arguments involving a "malicious prosecution" by Chase, (Jan. ECF No. 15 ¶¶ 28–36), and asks

this Court to "report [Chase], [Bayview], Nationstar Mortgage LLC, US Bank National Associated [sic], Shellpoint Mortgage Servicing, their attorneys and whoever was involved in . . . fraud upon the court to the appropriate [f]ederal agencies," (Dec. ECF No. 10 ¶ 119). The Court has waded through Appellant's voluminous and often irrelevant briefing and will only focus on Appellant's arguments that are relevant to the appeals of the December Decision and January Decision.

### A. APPEAL OF THE DECEMBER DECISION

The December Decision denied Appellant's motion to (i) request that Judge Gravelle recuse herself from the bankruptcy proceeding; and (ii) transfer the proceeding from the Trenton vicinage to the Camden vicinage. (Dec. ECF No. 10-3.)

#### A. Recusal

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see also* Fed. R. Bankr. P. 5004 (incorporating 28 U.S.C. § 455); 28 U.S.C. § 455(b)(1) (stating a judge should also recuse "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding"). "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004). An "erroneous" judicial ruling "do[es] not provide a basis for recusal, but [is] rather more appropriately grounds for appeal." *Mondelli v. Berkley Realty Partners No. 244, LLC*, No. 08-1582, 2008 WL 3843268, at *5 (D.N.J. Aug. 14, 2008), *aff'd sub nom. In re Mondelli*, 349 F. App'x 731 (3d Cir. 2009) (citing *Liteky v. United States*, 510 U.S. 540, 548 (1994)). "Opinions" and "conclusory allegations" also do not support a motion for recusal. *Hill v. Carpenter*, 323 F. App'x 167, 170 (3d Cir. 2009).

The Court finds that the Bankruptcy Court did not abuse its discretion in denying Appellant's motion for recusal. Appellant's motion contained conclusory and spurious allegations regarding bias and racism that this Court finds to be wholly unsupported by the record. (*See, e.g.*, Bankr. ECF No. 17-3 ¶¶ 18, 27–28); *see also In re Ackerman*, No. 17-17032, 2019 WL 13213609, at *1 (D.N.J. Mar. 26, 2019) (quoting *United States v. Vespe*, 868 F.2d 1328, 1340 (3d Cir. 1989)) (noting conclusory statements "need not be credited" in the context of a motion for recusal). At most, Appellant's allegations amount to taking issue with the Bankruptcy Court's rulings. (*See, e.g.* Bankr. ECF No. 17-3 ¶ 17, 19, 22); *see Securacomm Consulting, Inc.*, 224 F.3d at 278 ("[A] party's displeasure with legal rulings does not form an adequate basis for recusal.").

Appellant's briefing does not convince the Court otherwise. Appellant's concerns with Judge Gravelle appear to be almost entirely connected to the Bankruptcy Court's rulings with respect to Bayview's POC. (*See, e.g.*, Dec. ECF No. 10 ¶¶ 19, 34, 42, 48, 57, 58, 76; Dec. ECF No. 12 ¶¶ 9–18, 26–27.) Appellant also makes conclusory allegations regarding "personal animosity," "bias," alleged "violations of . . . laws [that] opened the doors for institutional racism and discrimination," and that Appellant "strongly felt discriminated against because of [his] race, [his] religion, and [his] age." (*See* Dec. ECF No. 10 ¶¶ 58, 70, 100, 116.) However, at bottom those conclusory allegations are clearly connected to Appellant's dissatisfaction that he "ha[s]n't gotten a court to agree with [him] yet." (Dec. ECF No. 10-2 at 5:19–23.)

As the Bankruptcy Court held when issuing the December Decision, Appellant did not put forward any allegations "that would lead any reasonable person to believe" that Judge Gravelle was biased or not impartial. (*Id.* at 5:4–7.) Therefore, the Court finds that the Bankruptcy Court did not abuse its discretion in denying Appellant's motion for recusal—Appellant's conclusory allegations reflected nothing more than disagreements with the Bankruptcy Court's rulings.

Frankly, because there was no evidence adduced demonstrating any bias, racial or otherwise, Judge Gravelle was compelled to deny the motion to recuse, as granting a baseless motion for recusal is error. *See DIRECTV, Inc. v. Jarvis*, No. 04-55, 2006 WL 8445648, at *4 (D.N.J. Sept. 18, 2006) ("Just as a judge has a duty to recuse herself under the appropriate circumstances, she has a corollary duty not to recuse herself when there is no obligation to do so under 28 U.S.C. §§ 144 and 455. It is 'vital to the integrity of the system of justice that a judge not recuse himself on unsupported, irrational or highly tenuous speculation.'" (quoting *Cooney v. Booth*, 262 F. Supp. 2d 494, 508 (E.D. Pa. 2003))).

### B. Transfer to the Camden Vicinage

Bankruptcy Court Local Rule 1002-1 ("Rule 1002-1") states that "[a] petition commencing a case must be filed in the vicinage in which the debtor is domiciled or in which the debtor maintains its residence, principal place of business, or principal assets." D.N.J. LBR 1002-1. The 2015 Comment to Rule 1002-1 notes that Monmouth County is within the Trenton vicinage of the Bankruptcy Court. *Id.* As the Bankruptcy Court informed Appellant, because Appellant is based "in Monmouth County" he was "required by the rule to file in Trenton, New Jersey." (Dec. ECF No. 10-2 at 4:16–23.) Appellant did not otherwise "express[]" a basis for the requested transfer. (*Id.* at 4:24–25.) Indeed, Appellant's articulated reason for requesting the transfer was merely that after having previous proceedings before the Bankruptcy Court, Appellant realized he "was not going to get justice in the USBC Trenton Division." (Bankr. ECF No. 17-1 ¶ 12.) As the Bankruptcy Court pointed out, the fact that Appellant "ha[d] not gotten a court to agree with [him] yet, [wa]s not a basis for transferring venue . . ." (Dec. ECF No. 10-2 at 5:24–25.) Therefore, the Court finds the Bankruptcy Court did not err in denying Appellant's motion to transfer vicinages.

For the reasons stated above, the Court **AFFIRMS** the Bankruptcy Court's December Decision in full.

### B. APPEAL OF THE JANUARY DECISION

The January Decision denied Appellant's motion to (i) disallow Chase's POC; (ii) report Chase and its attorneys to criminal enforcement authorities; and (iii) order Chase to "disclose all its communications and transactions with" Appellant's ex-wife. (Bankr. ECF No. 56.)

#### A. Chase's POC and Appellant's Request for Production

After Appellant filed his motion to disallow Chase's POC, Chase independently opted to withdraw its POC. (*See* Bankr. ECF No. 51.) As Chase's attorney explained at the hearing on Appellant's motion, there was "confusion about the loan" underlying Chase's claim. (Bankr. ECF No. 83 at 6:1–2.) Chase was not notified that Appellant's interest in the loan had been transferred to his ex-wife, and "as soon as [this] was discovered," Chase withdrew its POC. (*Id.* at 6:16–22.) The Bankruptcy Court held that Appellant's motion to disallow was mooted, because "[Chase] withdrew their proof of claim, *which is what [Appellant] requested.*" (*Id.* at 7:16–18 (emphasis added).) Appellant does not directly challenge the Bankruptcy Court's mootness finding, but rather, argues that the Bankruptcy Court "failed to reject the unlawful withdrawal of Chase's POC." (*See* Jan. ECF No. 15 ¶¶ 49–54.)

Appellant argues that the withdrawal of Chase's POC failed to conform with Federal Rule of Bankruptcy Procedure 3006 ("Rule 3006"), which requires that a request to withdraw a proof of claim be provided to the Court for approval and a hearing under certain circumstances. *See* Fed. R. Bankr. P. 3006. Even if Rule 3006 applied—which Appellant does not establish in his briefing—Appellant had the opportunity to object to the withdrawal of Chase's POC at the hearing on his motion; he failed to do so, almost certainly because having Chase's POC disappear, whether by Chase's own withdrawal or by Appellant's disallowance motion, was exactly what Appellant

11

sought in the first place. *See Watson v. City of Newark*, 746 F.2d 1008, 1010 (3d Cir. 1984) (noting "appellants may not appeal from [a] favorable disposition").

Chase argues in this appeal that the Bankruptcy Court was essentially required to moot Appellant's motion to disallow, as at that point in time, there was no longer a POC in existence which to disallow. (Jan. ECF No. 14 at 7.) The Court finds that the Bankruptcy Court did not err in mooting Appellant's motion insofar as it sought to disallow Chase's POC. Ruling on the motion to disallow a non-existent POC would amount to issuing an advisory opinion. *See Porta v. Klagholz*, 19 F. Supp. 2d 290, 296 (D.N.J. 1998) ("Courts may not render opinions in moot cases, because to do so would be to issue an advisory opinion."). For this reason, the Court also finds the Bankruptcy Court did not err in denying Appellant's motion to compel Chase to produce communications and "transactions" with Appellant's ex-wife, as the absence of a live POC mooted the need for any discovery connected to the POC.[5]

### B. Referring Chase and Its Attorneys to Criminal Enforcement Authorities

Appellant argues that Chase and its attorneys "committed [f]ederal crimes by filing [its] POC," which Appellant alleges was "fake," and an effort to extort Appellant. (Jan. ECF No. 15 ¶¶ 28, 29, 61.) Appellant cites authority directing the Court to 18 U.S.C. § 158(d) ("Section 158(d)") and 18 U.S.C. § 3057 ("Section 3057"). Section 158(d) states:

> The bankruptcy courts shall establish procedures for referring any case that may contain a materially fraudulent statement in a

---

[5] Appellant did not provide a basis for why he was entitled to discovery regarding Chase's communications with his ex-wife beyond the existence of the POC. Appellant's briefing argues that Appellant wanted to "find out from Ms. Farzan if she paid any money to Chase" in case "Chase was trying to extort $50k" from both him and his ex-wife. (Jan. ECF No. 15 ¶ 52.) As the Bankruptcy Court held, Appellant's articulated bases for requiring the discovery "ha[d] no relevance to the case before" the Bankruptcy Court. (Bankr. ECF No. 83 at 9:23–25.); *see* Fed. R. Civ. P. 26(b)(1) (stating any party may obtain discovery regarding non-privileged matters "relevant to any party's claim or defense"); Fed. R. Bankr. P. 9014 (incorporating Fed. R. Civ. P. 26 via Fed R. Bankr. P. 7026).

> bankruptcy schedule to the individuals designated under this section [i.e., the U.S. Attorney and FBI agents].

Section 158(d). The Bankruptcy Court's procedures are found in General Order 2007-04, which states:

> If a bankruptcy judge determines that a case may contain a materially fraudulent statement in a bankruptcy schedule, the judge shall refer the case to the designated United States attorney and the designated agent of the Federal Bureau of Investigation . . .

Exhibit A to General Order 2007-04 of the U.S. Bankruptcy Court for the District of New Jersey. Section 3057 states:

> Any judge, receiver, or trustee having reasonable grounds for believing that any violation under chapter 9 of this title or other laws of the United States relating to insolvent debtors, receiverships or reorganization plans has been committed, or that an investigation should be had in connection therewith, shall report to the appropriate United States attorney all the facts and circumstances of the case, the names of the witnesses and the offense or offenses believed to have been committed. Where one of such officers has made such report, the others need not do so.

18 U.S.C. §3057(a). Nothing in the language of Section 158(d) or General Order 2007-04 suggests a litigant has a private right of action to compel the Bankruptcy Court to refer a matter to the U.S. Attorney or a designated FBI agent, and Appellant does not cite any law to suggest otherwise. Further, federal courts have consistently held that Section 3057 does not provide a private right of action to litigants to compel the Bankruptcy Court to report a matter the litigant deems suspicious. *See Tobia Ippolito v. Carpenito*, No. 19-19818, 2019 WL 6609470, at *2 (D.N.J. Dec. 5, 2019) ("Section 3057 does not appear to provide a private right of action"); *In re Baroni*, 643 B.R. 253, 273 (Bankr. C.D. Cal. 2022) (collecting cases) ("Courts repeatedly have held that although [Section 3057] imposes a duty on the bankruptcy court to make a criminal referral when it has 'reasonable grounds for believing' that a bankruptcy crime has occurred, the statute does not confer standing on litigants to request such a referral from the court.").

Even so, the Bankruptcy Court found that Chase articulated a good faith reason for initially filing and subsequently withdrawing its POC at the hearing on Appellant's motion, (*see* Bankr. ECF No. 83 at 6:16–22), and Appellant did not directly controvert those grounds beyond arguing in conclusory terms that Chase "filed a false proof of claim," (*id.* at 8:19). Therefore, the Court finds that the Bankruptcy Court did not err in finding it did not have a reasonable basis to report Chase and its attorneys as it accepted Chase's attorney's explanation that "the claim was filed in error" and "once [Chase] realized it was filed in error, it was withdrawn." (*Id.* at 8:20–24); *see In re Botany Indus., Inc.*, 463 F. Supp. 793, 799 (E.D. Pa. 1978), *aff'd sub nom. Amalgamated Ins. Fund of New York, Appeal of*, 609 F.2d 500 (3d Cir. 1979), *and aff'd sub nom. Botany Indus. Inc., in Matter of*, 609 F.2d 500 (3d Cir. 1979) (noting judge "had no duty" to report where "he did not have reasonable grounds for believing that any violations of bankruptcy laws had been committed"). Therefore, the Court **AFFIRMS** the Bankruptcy Court's January Decision in full.

## **CONCLUSION**

For the reasons set forth above, the December Decision of the Bankruptcy Court and the January Decision of the Bankruptcy Court are both **AFFIRMED** in full, and the appeals under Case Nos. 23-23269 and 24-00323 are **DISMISSED**. Appropriate Orders for Case Nos. 23-23269 and No. 24-00323 accompany this Opinion.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: October 15, 2024